UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRAIG CHRISTOPHER LEON, | ) | 1:08-CV-1979 HC DLB |
| | ) | |
| Petitioner, | ) | ORDER STRIKING PETITIONER'S |
| | ) | MOTION |
| v. | ) | (Doc. No. 23) |
| | ) | |
| KEN CLARK, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**BACKGROUND**

On August 6, 2010, this Court issued an order denying Craig Christopher Leon's (hereinafter "Petitioner") petition for a writ of habeas corpus and denied a certificate of appealability. See Doc. No. 21. On August 6, 2010, the Court entered judgment to that effect. See Doc. No. 22. The Court's Electronic Case File ("ECF") system reflects that the Court served Petitioner a copy of the August 6, 2010 order and judgment by mail on August 6, 2010 at the CSP-Substance Abuse Training Facility in Corcoran, California ("CSP").[1]

On February 11, 2011, the Clerk's Office for the Eastern District of California received an undated and unsigned letter from Petitioner in which he contended that his due process rights were violated because he did not receive a copy of the order denying his petition and because he did not get an opportunity to file objections or permission to file an appeal. On April 21, 2011, the Clerk's Office docketed Petitioner's letter as a Motion to Reopen the File to File an Appeal. See Doc. No. 23. Petitioner requests leave on extenuating circumstances to respond to the August 6, 2010 Court's

---

[1] The Court notes that Petitioner appears to currently reside at CSP as his most recent motion listed his address at CSP. See Doc. No. 23.

1  order. Id.

2        The Court construes Petitioner's motion as a motion for an extension of time to file a notice

3  of appeal as Petitioner has not timely filed a notice of appeal and is not entitled to file objections.

4  Here, the parties in this case voluntarily consented to have a United States Magistrate Judge

5  adjudicate the entire case and order the entry of a final judgment pursuant to 28 U.S.C. § 636(c) and

6  Fed. R. Civ. P. 73. See Doc. No. 9, 13.

7

8        **DISCUSSION**

9      I.    Petitioner's Claim

10      Petitioner appears to be alleging that he did not receive a copy of the Court's August 6, 2010

11 order. See Doc. No. 23 at line 17. Petitioner also contends that a prison floor officer misplaced

12 Petitioner's paperwork concerning his writ with another inmate's property and that state authorities

13 lost Petitioner's "copies."[2] See Doc. No. 23 at 1:24-25 and 2:3-4. Petitioner requests additional time

14 to respond the Court's August 6, 2010 Order.

15     II.    Analysis

16     A. Fed. R. Civ. P. 11(a)

17       Petitioner failed to sign or date his motion for an extension of time to file a notice of appeal.

18 A court must strike an unsigned paper unless the omission is promptly corrected after being called to

19 the party's attention. See Fed. R. Civ. P. 11(a). Accordingly, the Court strikes Petitioner's motion.

20 Petitioner is granted an opportunity to file a motion that complies with Rule 11 within twenty days

21 (20) of service of this order. Petitioner's motion must also comply with the additional requirements

22 set forth below in Section B.

23     B. Fed. R. App. P. 4

24       An appeal from the denial of a habeas petition is considered a "civil" matter and thus subject

25 to the time limitations set forth in Rule 4 of the Federal Rules of Appellate Procedure. A timely

26 notice of appeal is mandatory and jurisdictional. See Browder v. Dir. Dep't of Corr., 434 U.S. 257,

27

28     [2]Petitioner does not describe specifically what documents were lost by the state.

264 (1978); Malone v. Aventi, 850 F.2d 569, 571 (9th Cir. 1988).  The district court does not have jurisdiction to grant a motion to reopen the time to file an appeal which is not filed within the rule's time constraints.  Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir.1994).

Rule 4(a)(1)(A) requires that a notice of appeal be filed within 30 days after the district court enters judgment where, as here, the United States is not a party.  Fed. R. App. P. 4(a)(1)(A).  Here, the Court entered judgment on August 6, 2010.  See Doc. No. 22.  Petitioner did not file a timely notice of appeal in this matter.  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

 In his motion, Petitioner alleges that he did not receive a copy of the Court's August 6, 2010 Order and that the state authorities lost his "copies."  The ECF system reflects that the Court served Petitioner a copy of the August 6, 2010 order and judgment by mail on August 6, 2010 at CSP. Based on Petitioner's current explanation, it is unclear to the Court whether Petitioner is alleging that he never received the Court's August 6, 2010 Order or whether he did receive the order but prison officials lost the order.  Petitioner does not state whether he received notice of the entry of the judgment.  In order for the Court to determine whether it has jurisdiction to grant a motion to reopen the time to file an appeal, Petitioner must inform the Court when he received notice of the entry of judgment and the Court's August 6, 2010 order.

**ORDER**

1. Petitioner's motion for an extension of time to file a notice of appeal is stricken for failure to comply with Fed. R. Civ. P. 11(a); and

2. Petitioner may file a motion for an extension of time that complies with the requirements of this order and Rule 11(a) within Twenty (20) days of service of this order.

IT IS SO ORDERED.

Dated:  **June 15, 2011**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE